IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN NELSON, *Individually and on Behalf of Corridor Medical Services, Inc., a/k/a Corridor Mobile Medical Services,* § § § § § | | |
| Plaintiff, § | | 1:18-CV-962-LY-SH |
| § | | |
| v. § | | |
| § | | |
| COMPLETE BUSINESS SOLUTIONS GROUP, INC., *d/b/a* PAR FUNDING, *and* TUCKER ALBIN & ASSOCIATES, INC., § § § § § | | |
| Defendants. § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand (Dkt. No. 15) and Defendant's Response (Dkt. No. 16). Plaintiff did not file a Reply. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

### I.   BACKGROUND

Plaintiff Stephen Nelson ("Nelson") originally filed this case against Defendant Complete Business Solutions Group, Inc., d/b/a PAR Funding ("PAR") in the 250th Judicial District Court of Travis County, Texas, on October 16, 2018. (Orig. Pet, Dkt. No. 1-4, at 1). Nelson is a Texas resident; PAR is a Pennsylvania debt collection company. (*Id.* at ¶¶ 9–10, 23). Nelson alleges that PAR and its agents have harassed, abused, threatened, and intimidated Nelson and his family in

1

efforts to collect on a purported debt. (*Id.* ¶ 14). He asserts claims of trespass, violations of the Texas Debt Collection Act, intentional infliction of emotional distress, defamation, and intrusion. (*Id.* ¶¶ 18–34, 36–45, 47–49). He seeks a permanent injunction and damages. (*Id.* ¶¶ 35, 46, 50–51).

PAR removed to this Court on November 8, 2018. (Not. Removal, Dkt. No. 1). On November 29, 2018, without seeking leave of court, Nelson filed a First Amended Complaint ("FAC") adding Tucker Albin & Associates, Inc. ("Tucker Albin") as a defendant in this action and adding a claim of breach of contact against both PAR and Tucker Albin. (FAC, Dkt. No. 5). Tucker Albin is a Texas company. (*Id.* ¶ 12). Nelson then filed the instant motion to remand, arguing that Tucker Albin's addition to the case destroys the diversity of the parties. (Mot. Remand, Dkt. No. 15). In his motion, Nelson correctly notes that Tucker Albin has not yet appeared in this case. (*Id.* ¶ 8). However, the record in this case indicates that Nelson has not yet served Tucker Albin as required.[1]

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). "[T]he removal statute is strictly construed 'and any doubt as to the propriety of removal should

---

[1] A plaintiff must serve a defendant within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). Nelson filed his First Amended Complaint on November 29, 2018. (FAC, Dkt. No. 5). Service to Tucker Albin therefore was due on February 27, 2019. Nelson filed a request for issuance of a summons on March 12, 2019, and the summons issued the same day. (Dkt. Nos. 13, 14). Even allowing additional time following his request for issuance of a summons, however, Nelson still has not served Tucker Albin more than four months past the 90-day deadline.

be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."). The removing party bears the burden of showing that the removal was proper. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

Where subject matter jurisdiction relies on diversity, the addition of a non-diverse party will defeat federal jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

### III. DISCUSSION

The parties do not dispute their respective citizenship. Nelson's sole argument in favor of remand is that the addition of Tucker Albin has destroyed the diversity of the parties. (Mot. Remand, Dkt. No. 15). PAR responds that because Nelson's First Amended Complaint added a non-diverse defendant and would divest this court of jurisdiction, Nelson was required to seek leave of court before filing it. (Resp., Dkt. No. 16, at 3–4). Because he did not, PAR contends that the Court should deny joinder of Tucker Albin and deny the motion to remand.

As a general rule, when a party seeks leave to amend its pleading, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But when a plaintiff seeks to join defendants after removal whose joinder would destroy subject matter jurisdiction, "the district court must apply a higher level of scrutiny than required under Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185 (5th Cir. 2018) (citing *Hensgens*, 833 F.2d at 1182). In

3

that situation, at the district court's discretion, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Alanis v. Allstate Ins. Co.*, No. SA-17-CV-01060-OLG, 2018 WL 2245076, at *2 (W.D. Tex. Jan. 4, 2018).

Nelson did not seek leave of court as required before filing an amended complaint that might divest the court of jurisdiction. Because of this, there are grounds to strike the First Amended Complaint without prejudice. *See, e.g., Allen*, 907 F.3d at 186 (affirming district court's denial of motion to remand and denial of motion to amend complaint, where plaintiff filed amended complaint joining non-diverse defendants without leave). Because this case has been pending for nearly a year, the original defendant briefed the question of proper joinder in its response to the motion to remand, and Nelson chose not to file a reply despite the opportunity to do so, this Court will exercise its discretion to construe the First Amended Complaint as a motion for leave to file a First Amended Complaint.

A court considers four factors when exercising its discretion to allow joinder of a non-diverse party and thereby divest itself of jurisdiction: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for an amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *Hensgens*, 833 F.2d at 1182).

### A. Purpose of the Amendment

Here, several factors indicate that the purpose of the amendment is precisely to defeat federal jurisdiction or otherwise delay the case. Courts evaluating a plaintiff's motive for amendment consider whether the plaintiff "knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Alanis*, 2018 WL 2245076, at *3 (citing

*Anzures v. Prologis Texas I LLC*, 886 F. Supp. 2d 555, 566 (W.D. Tex. 2012)). "[A] plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knows of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Id.* (quoting *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05–0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005)).

Nelson knew Tucker Albin's identity and role in the relevant facts when he filed his original petition in state court. Nelson communicated directly with Tucker Albin for several weeks in efforts to settle the alleged debt before he filed this suit. (*See* September 2018 Emails, Dkt. No. 5-2, at 2–12). Additionally, as PAR correctly notes, Nelson's theory of liability in his original petition is that "Defendant [PAR] *and Defendant's agents* harassed, abused, threatened, and intimidated him and his family in efforts to collect on a purported debt." (Orig. Pet, Dkt. No. 1-4, ¶ 14 (emphasis added); *see also id.* ¶¶ 15–17 (asserting additional factual allegations against "Defendant [PAR] and Defendant's agents")). Nelson did not reply to these arguments and offers no alternative conclusion for the Court. This factor weighs strongly in favor of denying leave to file the First Amended Complaint to add Tucker Albin.

### B. Whether the Plaintiff Has Been Dilatory

A plaintiff is "not dilatory in seeking to amend a complaint when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Alanis*, 2018 WL 2245076, at *5 (citing *Gallegos v. Safeco Ins. Co. of Indiana*, No. CIV.A. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009)). But "the analysis is different when the proposed amendment adds non-diverse defendants shortly after removal based on federal diversity jurisdiction." *Alanis*, 2018 WL 2245076, at *5.

Nelson filed his First Amended Complaint 21 days after PAR removed to this Court. This was "shortly after" PAR removed based on diversity jurisdiction. Although a 21-day period is not automatically dilatory, other courts have found that "almost thirty days" after removal is dilatory, particularly were the plaintiff had "ample information" about the non-diverse defendant's identity and involvement in the facts at issue before the plaintiff filed his original petition in state court. *See Gallegos*, 2009 WL 4730570, at *4; *Irigoyen v. State Farm Lloyds*, No. CA–C–03–324–H, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004)). This weighs slightly in favor of denying leave to amend.

However, Nelson's ongoing failure to serve Tucker Albin after adding the company as a defendant is unquestionably dilatory and raises further questions about his motive. It has also prejudiced Tucker Albin by excluding the company from participating in this case for over eight months. Taken together, the timing of the First Amended Complaint and the failure to serve the non-diverse defendant weigh in favor of denying leave to amend to add Tucker Albin.

### C. Possible Injury to Plaintiff Without the Amendment

Considering the third factor, courts consider "whether the already named diverse defendants would be unable to satisfy a future judgment and whether Plaintiff could even recover against the proposed non-diverse defendants." *Alanis*, 2018 WL 2245076, at *5 (citing *Gallegos*, 2009 WL 4730570, at *5; *Irigoyen*, 2004 WL 398553, at *5). Courts evaluating this factor do not conduct a full analysis of whether a plaintiff has stated a plausible claim against each defendant; instead, courts consider practical and equitable factors, such as whether a plaintiff's claims against a non-diverse defendant overlap with the claims against the original defendant, the likelihood and costs of parallel state proceedings, and any other indications in the record that the original defendant would be unable to satisfy a judgment. *See id.*

In *Gallegos*, for example, the court found that the plaintiff would not be prejudiced by denying leave to amend to add a non-diverse insurance adjuster where Texas state law restricted claims against individual insurance adjusters; the plaintiff had known the identity of the adjuster but chosen not sue him in the original state court action; and the proposed amended complaint "did not add allegations against [the non-diverse defendant]; the only substantive changes to the allegations in the proposed amended pleading [we]re to add [the non-diverse defendant] and to change references to the 'defendant' to the 'defendants.'" *Gallegos*, 2009 WL 4730570, at *5. Likewise, in *Alanis*, the court found that the third *Hensgens* factor weighed against granting leave to amend to add two non-diverse defendants shortly after removal where the plaintiff's allegations against the non-diverse defendants "mirror[ed]" claims against the original defendants; it was not clear that the proposed amended complaint raised colorable claims against the non-diverse defendants; to the extent that the plaintiff had valid claims, she would be able to assert those claims against the original defendants; and parallel state court proceedings appeared unlikely because plaintiff had chosen not to sue the non-diverse defendants in state court when she filed her original petition. *Alanis*, 2018 WL 2245076, at *5.

Many of these circumstances are present here and weigh against finding that Nelson would be prejudiced by denial of leave to amend. As noted above, Nelson was aware of Tucker Albin's identity and the company's role in the facts at issue before he filed his original petition in state court—he communicated directly with Tucker Albin for several weeks before filing this suit in an effort to settle the alleged debt. (*See* September 2018 Emails, Dkt. No. 5-2, at 2–12; Orig. Pet., Dkt. No. 1-4). Given that Nelson chose not to sue Tucker Albin in state court when he had the knowledge and opportunity to do so indicates that parallel state court proceedings are unlikely here.

Nelson's proposed claims against Tucker Albin also "mirror" his claims against PAR. As noted above, Nelson's original complaint references but does not name PAR's agents. (Orig. Pet, Dkt. No. 1-4, ¶ 14 ("Defendant [PAR] *and Defendant's agents* harassed, abused, threatened, and intimidated him and his family in efforts to collect on a purported debt.") (emphasis added); ¶ 15–17 (asserting additional factual allegations against "Defendant [PAR] and Defendant's agents")). In his proposed amended complaint, Nelson adds more detailed factual allegations against both PAR and Tucker Albin and adds a breach of contact claim against both. (FAC, Dkt. No. 5). He does not assert any claims against Tucker Albin that he does not also assert against PAR. In other words, to the extent that Nelson has a valid claim related to the collection of his alleged debt, Nelson may assert all of those claims against PAR, the original defendant. Dismissal of Tucker Albin from this case will not prevent him from asserting any of those substantive claims, particularly given that his claims against Tucker Albin arise from its conduct as PAR's agent. Finally, nothing else in the record indicates that PAR would not be able to satisfy a future judgment. Considering all of these circumstances, this third factor weighs in favor of denying leave to amend to add Tucker Albin.

### D. The Equities

The fourth *Hensgens* factor requires the Court to analyze any other equitable factors. *Alanis*, 2018 WL 2245076, at *6. These may include "whether granting leave to amend would deprive a defendant of a properly invoked federal forum," *Smith v. Robin Am., Inc.*, H–08–3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009), and "whether denying leave to amend would result in parallel state court proceedings," *Tomlinson v. Allstate Indem. Co.,* No. Civ. A. 06–0617, 2006 WL 1331541, at *6 (E.D. La. May 12, 2006).

In its response to Nelson's motion to remand, PAR reiterates its position that granting leave to amend would deprive PAR of a properly invoked federal forum. (Resp., Dkt. No. 16, at 8). Indeed, the record indicates—and Nelson does not dispute—that absent joinder of a non-diverse defendant, PAR has properly invoked federal jurisdiction. Nelson has not filed a reply or offered any other equitable factors to weigh in his favor.

Considering that granting leave to amend would deprive PAR of a properly invoked federal forum and, as discussed above, denying leave to amend is unlikely to result in parallel state court proceedings, the fourth *Hensgens* factor weighs in favor of denying leave to amend.

\* \* \*

In summary, all four *Hensgens* factors weigh in favor of denying Nelson leave to amend his complaint to add Tucker Albin as a defendant. Therefore, construing the First Amended Complaint—which Nelson filed without requesting leave—as a motion for leave to file a First Amended Complaint, the undersigned recommends denying leave to amend. Accordingly, the undersigned recommends that the District Court strike the First Amended Complaint (Dkt. No. 5).

The existing parties, Nelson and PAR, do not dispute that they are completely diverse. Nelson raises no other grounds for remand. The undersigned therefore recommends that Nelson's motion to remand (Dkt. No. 15) be denied.

### IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the District Court **DENY** Nelson's Motion to Remand (Dkt. No. 12).

The undersigned **FURTHER RECOMMENDS** that the District Court **STRIKE** Nelson's First Amended Complaint (Dkt. No. 5) or order Nelson to file an amended complaint consistent with the terms of this recommendation and the Court's orders.

Last, the undersigned **ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SIGNED** on August 8, 2019.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE